# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| GERALD ALBERT HEITKEMPER,<br><br>Plaintiff,<br><br>vs.<br><br>DR. RANTZ, DR. KOHUT, and MS. SCHNEE,<br><br>Defendants. | Cause No. CV 12-00088-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Mr. HeitKemper, a state prisoner proceeding without counsel, lodged a Complaint alleging Defendants violated the Eighth Amendment of the United States Constitution when they were deliberately indifferent to his serious medical needs.

Mr. HeitKemper's allegations fail to state a claim upon which relief may be granted because he specifically alleges that he was provided treatment, testing and medication. These defects cannot be cured by amendment and the Complaint should be dismissed.

1

## II.  JURISDICTION

Mr. HeitKemper filed this action in federal court. C.D. 2. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). The Complaint presents a federal question under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, United States District Court Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## III.  STANDARDS

### A.  Pre-service review

Mr. HeitKemper is a prisoner proceeding in forma pauperis. C.D. 2. His Complaint must be reviewed under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

### B.  Stating a claim

A complaint fails to state a claim on which relief can be granted if it does not allege sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**C. Leave to amend**

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court may dismiss a complaint without granting leave to amend where a plaintiff's proposed amendments would be futile. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The court liberally construes pro se pleadings. Hearns v. Terhune, 413 F.3d 1036 (9th Cir. 2005). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the

action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

**D. 42 U.S.C. § 1983**

Mr. HeitKemper's claims arise under the Eighth Amendment of the United States Constitution. The Eighth Amendment requires that prisoners receive adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). To state a § 1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106; Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves two elements: 1) the seriousness of the prisoner's medical need; and 2) defendant's response to that need. McGuckin, 974 F.2d at 1059; see also Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003). A plaintiff must allege "objectively, sufficiently serious" harm and that the officials had a "sufficiently culpable state of mind" in denying the proper medical care. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002)(citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)).

A serious medical need exists if the failure to treat a prisoner's condition

4

could result in further significant injury or the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104; see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994)). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. The second prong is satisfied by alleging (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Jett, 439 F.3d at 1096 citing McGuckin, 974 F.2d at 1060.

## IV. FACTS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded. According to the factually supported allegations in the Complaint:

Mr. HeitKemper has been suffering from pain in his back, left hip, left leg, and tail bone since November 2009. C.D. 2, p. 5. Attached to the Complaint are approximately 80 pages of Mr. HeitKemper's grievances and medical requests complaining about back and hip pain. C.D. 2-1.[1] These documents indicate that when Mr. HeitKemper began complaining about back and leg pain in November/ December 2009, he was prescribed Ibuprofen and given exercises for his back. C.D. 2-1, p. 65. He continued to complain of pain throughout 2010 and was seen on numerous occasions by Dr. Kohut and P.A. Henderson. The exhibits indicate that the treatment plan continued to be exercises and Ibuprofen.

On May 12, 2010, Dr. Rantz ordered X-rays. The medical request responses indicate that Dr. Rantz and P.A. Henderson reviewed the x-rays and they showed no abnormalities. On June 19, 2010, Mr. HeitKemper was again prescribed Ibuprofen and Tylenol. On October 4, 2010, he was given an injection in his left hip. A December 14, 2010 response from Dr. Rantz indicated she would order blood tests but it is unclear whether these tests were done and if so what were the results.

Mr. HeitKemper attached nine grievances/medical requests from 2011, all

---

[1] Gumataotao v. Director of Dept. of Revenue and Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001)(Court may consider attached materials submitted as part of complaint).

complaining of leg, hip, and back pain and/or requesting another injection. Mr. HeitKemper received a second X-ray on July 14, 2011 which again did not show any abnormalities.

Mr. HeitKemper attached approximately 20 grievances/medical requests made in 2012 still complaining of leg, hip, and/or back pain. In March 2012, Mr. HeitKemper was prescribed medication to relieve pain and swelling. Mr. HeitKemper was transferred to Crossroads Correctional Center in July 2012, where he continued to complain of pain in his leg and back.

As a result of his leg, hip, and back pain, Mr. HeitKemper contends he gets little to no sleep and can't use the bathroom properly. He alleges he can't walk, pass gas, lay on his back, lay on his left side, sneeze, cough, breath deeply, stand upright, or take showers without pain. He states he suffers from numbness all over his back, left hip, and throughout his left leg. In addition, his tail bone is sore and in pain. He also alleges he can't go to the gym, "yard," or "chow" because it is very painful to walk that far. C.D. 2, p. 6.

Mr. HeitKemper makes no specific factual allegations against the named Defendants. He simply makes a general allegation that Drs. Kohut and Rantz and the doctors at Crossroads Correctional Center refuse to give him an MRI or a CT scan to find out what is causing his pain. C.D. 2, p. 5. He does not name a doctor

at Crossroads as a defendant but he has named Ms. Schnee, the H.S.A. Director at Crossroads. He makes no specific allegations against Ms. Schnee except his conclusory statement that all Defendants refuse to give him full medical treatment. Mr. HeitKemper wants something done to take the pain away whether it be a CT scan, an MRI, surgery, or hospitalization. C.D. 2, p. 6.

## V. ANALYSIS

Mr. HeitKemper's leg, back, and hip pain constitutes a "serious medical need" under the Eighth Amendment. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (a medical condition that significantly affects an individual's daily activities and the existence of chronic and substantial pain are "serious medical needs.").

But the allegations do not amount to deliberate indifference. The multitude of complaints/grievances/medical requests attached to Mr. HeitKemper's Complaint demonstrate that he has been provided medical treatment to address his complaints. Defendants have not been deliberately indifferent to his medical issues.

Mr. HeitKemper's medical needs have not been ignored. He was initially given Ibuprofen and Tylenol for his pain. C.D. 2-1, p. 65. Eventually his

medication was changed to another pain reliever. He was also given an exercise regime to help with his back pain. He has had two sets of x-rays taken on May of 2010 and July 14, 2011. These X-rays were reviewed and showed no abnormalities. He was also given an injection in his left hip.

Mr. HeitKemper has had back problems for several years. Alleging that his back condition has not improved does not allege that Defendants were deliberately indifferent to his medical needs. The prison doctors have diagnosed his conditoin with X-rays and treated his condition with medications, exercises, and injections.

Even if a defendant prescribed a course of medical treatment which has been ineffective, that in and of itself, cannot be considered medical malpractice – much less deliberate indifference. Estelle, 429 U.S. at 107. Here, the record demonstrates that when the medical staff recognized the ineffectiveness of a prescribed medication or treatment they would try alternative treatments (such as different medications and injections) and conduct additional tests (including two sets of X-rays).

Although Mr. HeitKemper seeks to have a CT scan or an MRI done, "the question whether an X-ray—or additional diagnostic techniques or forms of treatment—is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel

and unusual punishment." Estelle, 429 U.S. at 107.

"Deliberate indifference" contemplates more egregious conduct than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. Mere claims of "indifference," "negligence," or "medical malpractice" do not state a claim under § 1983. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). State prison officials have "wide discretion regarding the nature and extent of medical treatment." Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

A § 1983 claim for denial of medical care requires the plaintiff to allege "a purposeful act or failure to respond to a prisoner's pain or possible medical need." Jett, 439 F.3d at 1096. Mr. HeitKemper makes no such allegation. He alleges only a difference of opinion as to the proper course of treatment for his back condition. C.D. 2. He does not allege the prison doctors' treatment plan presented a substantial risk of serious harm, much less that the doctors knew the plan subjected Mr. HeitKemper to a substantial risk of harm. Nothing in Mr. HeitKemper's Complaint suggests the doctors were "wanton" in their treatment.

Mr. HeitKemper's personal opinion as a lay person that some alternate

treatment or additional testing would be superior is not be sufficient even to allege a medical malpractice claim under Montana law. Montana Deaconess Hospital v. Gratton, 545 P.2d 670, 672 (Mont. 1976). His allegations fall far short of the higher "deliberate indifference" standard for a § 1983 claim. Broughton, 622 F.2d at 460.

The Complaint's factual allegations are not sufficient to plausibly demonstrate that Defendants were deliberately indifferent to Mr. HeitKemper's serious medical needs.

## VI. CONCLUSION

Mr. HeitKemper's factual allegations, read with the numerous documents attached to his Complaint do not allege conduct that would, if proved, be deliberate indifference. Therefore the Complaint fails to state a claim upon which relief may be granted. Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982)(the court cannot supply essential elements that are not pled). The documents attached to the Complaint make it clear these defects cannot be cured by the allegation of additional facts. Leave to amend should be denied.

**A. "Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal

court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

Mr. HeitKemper's allegations fail to state a claim. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis

in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. The finding that Mr. HeitKemper's allegations fail to state a claim is so clear no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**C. Address Changes**

At all times during the pendency of this action, Mr. HeitKemper SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. HeitKemper has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. HeitKemper's Complaint C.D. 2 should be dismissed with prejudice.

2. The Clerk of Court should be directed to close this matter and enter

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. HeitKemper failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. HeitKemper may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. HeitKemper files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that

recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. HeitKemper from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made but the judge is not required to consider new evidence. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this <u>19th</u> day of November, 2012.

<u>/s/ Keith Strong</u>
Keith Strong
United States Magistrate Judge